# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **DLJ Mortgage Capital, Inc.** | CIVIL ACTION NO: |
| **Plaintiff** | COMPLAINT |
| vs. | RE:<br>412 Essex Street, Bangor, ME 04401 |
| **Kevin M. Morneault** | Mortgage:<br>January 24, 2008<br>Book 11276, Page 110<br>Penobscot County Registry of Deeds |
| **Defendant**<br>**Atlantic Credit and Finance, Inc.**<br>**Capital One Bank USA NA**<br>**Lee`s Concrete, Inc.** | |
| **Party-In-Interest** | |

NOW COMES the Plaintiff, DLJ Mortgage Capital, Inc., by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Kevin M. Morneault, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by DLJ

Mortgage Capital, Inc., in which the Defendant, Kevin M. Morneault, is the obligor and the total amount owed under the terms of the Note is Two Hundred Twenty-Five Thousand Forty-Two and 30/100 ($225,042.30) Dollars as affected by the so-called *Finch* and *Moulton* interest due "carve outs", plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. DLJ Mortgage Capital, Inc. is a Delaware Corporation with its principal/main place of business at 11 Madison Avenue, New York, NY 10010.

5. The Defendant, Kevin M. Morneault, is a resident of Bangor, County of Penobscot and State of Maine.

6. The nominal Party-in-Interest, Atlantic Credit and Finance, Inc., is a Delaware corporation with a principal/main place of business at 111 Franklin Road SE, Suite 400, Roanoke, VA 24011.

7. The nominal Party-in-Interest, Capital One Bank (USA) NA, is a national association with a main/principal place of business at 1680 Capital One Dr., McClean, VA 22102.

8. The nominal Party-in-Interest, Lee`s Concrete, Inc., is a Maine corporation located at 936 Central Street, Millinocket, ME 04462.

# FACTS

9. On December 21, 2005, by virtue of a Warranty Deed from Frank R. Harvey and Cheryl A. Harvey, which is recorded in the Penobscot County Registry of Deeds in **Book 10255, Page 140**, the property situated at 412 Essex Street, City/Town of Bangor, County of Penobscot, and State of Maine, was conveyed to Kevin M. Morneault, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

10. On January 24, 2008, Defendant, Kevin M. Morneault, executed and delivered to First Horizon Home Loans, A Division of First Tennessee Bank N.A. a certain Note under seal in the amount of $106,000.00. *See* Exhibit B (a true and correct copy of the Lost Note Affidavit is attached hereto and incorporated herein).

11. To secure said Note, on January 24, 2008, Defendant, Kevin M. Morneault, executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc, as nominee for First Horizon Home Loans, A Division of First Tennessee Bank N.A., securing the property located at 412 Essex Street, Bangor, ME 04401 which Mortgage Deed is recorded in the Penobscot County Registry of Deeds in **Book 11276**, **Page 110**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to JPMorgan Chase Bank, National Association by virtue of an Assignment of Mortgage dated February 9, 2012, and recorded in the Penobscot County Registry of Deeds in **Book 12741**, **Page 105** (This assignment may be arguably unenforceable under *Greenleaf*.). *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated March 19, 2014, and recorded in the Penobscot County Registry of Deeds in **Book 13494**, **Page 9** (This assignment may be arguably unenforceable under *Greenleaf*.).  *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was further assigned to Federal National Mortgage Association by virtue of a Quitclaim Assignment dated November 30, 2015, and recorded in the Penobscot County Registry of Deeds in **Book 14057**, **Page 204**.  *See* Exhibit F (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

15. The Mortgage was then assigned to DLJ Mortgage Capital, Inc. by virtue of an Assignment of Mortgage dated October 22, 2021, and recorded in the Penobscot County Registry of Deeds in **Book 16262**, **Page 339**.  *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

16. On August 15, 2024, the Defendant, Kevin M. Morneault, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter").  *See* Exhibit H (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

17. The Demand Letter informed the Defendant, Kevin M. Morneault, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter.  *See* Exhibit H.

18. The Defendant, Kevin M. Morneault, failed to cure the default prior to the expiration of the Demand Letter.

19. The Plaintiff, DLJ Mortgage Capital, Inc., is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical

possession of the Lost Note Affidavit in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

20. The Plaintiff, DLJ Mortgage Capital, Inc., hereby certifies it is the lawful holder and owner of the Lost Note Affidavit and Mortgage.

21. The Plaintiff, DLJ Mortgage Capital, Inc., hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

22. Atlantic Credit and Finance, Inc. is a nominal Party-in-Interest pursuant to a Writ of Execution in the amount of $3,352.00 dated March 10, 2010, and recorded in the Penobscot County Registry of Deeds in **Book 12107**, **Page 88** and is in second position behind Plaintiff's Mortgage but, upon, information and belief, did not comply with the notice requirements under Maine law and therefore their lien is unenforceable.

23. Capital One Bank USA NA is a nominal Party-in-Interest pursuant to a Writ of Execution in the amount of $3,218.25 dated June 6, 2011, and recorded in the Penobscot County Registry of Deeds in **Book 12532**, **Page 80** and is in third position behind Plaintiff's Mortgage but, upon, information and belief, did not comply with the notice requirements under Maine law and therefore their lien is unenforceable.

24. Lee`s Concrete, Inc. is a Party-in-Interest pursuant to a Statement of Lien Claim in the amount of $2,316.05 dated December 29, 2023, and recorded in the Penobscot County Registry of Deeds in **Book 17036**, **Page 67** and is in fourth position behind Plaintiff's Mortgage but, upon, information and belief, did not comply with the notice requirements under Maine law and therefore their lien is unenforceable.

25. The total debt owed under the Note and Mortgage as of September 4, 2024, is Two Hundred Twenty-Five Thousand Forty-Two and 30/100 ($225,042.30) Dollars, (in

compliance with the so-called "carve out" provisions of the *Finch* and *Moulton* cases) which includes:

| Description | Amount |
|---|---|
| Principal Balance | $102,797.26 |
| Interest | $63,207.12 |
| Escrow/Impound Advance Balance | $49,881.84 |
| Loan Level Advance Balance | $9,162.52 |
| Unapplied Funds | $-6.44 |
| Grand Total | $225,042.30 |

26. Upon information and belief, the Defendant, Kevin M. Morneault, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

27. The Plaintiff, DLJ Mortgage Capital, Inc., repeats and re-alleges paragraphs 1 through 26 as if fully set forth herein.

28. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 412 Essex Street, Bangor, County of Penobscot, and State of Maine. *See* Exhibit A.

29. The Plaintiff, DLJ Mortgage Capital, Inc., is the holder of the Note referenced in Paragraph 10 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, DLJ Mortgage Capital, Inc., has the right to foreclosure and sale upon the subject property.

30. The Plaintiff, DLJ Mortgage Capital, Inc., hereby certifies it is the current owner and investor of the aforesaid Mortgage and Note.

31. The Defendant, Kevin M. Morneault, is presently in default on said Mortgage and Note, having failed to make the monthly payment due September 1, 2011, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

32. The total debt owed under the Note and Mortgage as of September 4, 2024, is Two Hundred Twenty-Five Thousand Forty-Two and 30/100 ($225,042.30) Dollars.

33. The record established through the Penobscot County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

34. By virtue of the Defendant, Kevin M. Morneault's, breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

35. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendant, Kevin M. Morneault, on August 15, 2024, evidenced by the Certificate of Mailing. *See* Exhibit H.

36. The Defendant, Kevin M. Morneault, is not in the Military as evidenced by the attached Exhibit I.

37. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

## COUNT II – BREACH OF NOTE

38. The Plaintiff, DLJ Mortgage Capital, Inc., repeats and re-alleges paragraphs 1 through 37 as if fully set forth herein.

39. On January 24, 2008, the Defendant, Kevin M. Morneault, executed under seal and delivered to First Horizon Home Loans, A Division of First Tennessee Bank N.A. a certain Note in the amount of $106,000.00. *See* Exhibit B.

40. The Defendant, Kevin M. Morneault, is in default for failure to properly tender the September 1, 2011 payment and all subsequent payments. *See* Exhibit H.

41. The Plaintiff, DLJ Mortgage Capital, Inc., is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Kevin M. Morneault.

42. The Defendant, Kevin M. Morneault, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

43. The Defendant, Kevin M. Morneault's, breach is knowing, willful, and continuing.

44. The Defendant, Kevin M. Morneault's, breach has caused Plaintiff, DLJ Mortgage Capital, Inc., to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

45. The total debt owed under the Note and Mortgage as of September 4, 2024, if no payments are made, is Two Hundred Twenty-Five Thousand Forty-Two and 30/100 ($225,042.30) Dollars.

46. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

47. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

48. The Plaintiff, DLJ Mortgage Capital, Inc., repeats and re-alleges paragraphs 1 through 47 as if fully set forth herein.

49. By executing, under seal, and delivering the Note, the Defendant, Kevin M. Morneault, entered into a written contract with First Horizon Home Loans, A Division of First Tennessee Bank N.A. who agreed to loan the amount of $106,000.00 to the Defendant. *See* Exhibit B.

50. As part of this contract and transaction, the Defendant, Kevin M. Morneault, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

51. The Plaintiff, DLJ Mortgage Capital, Inc., is the proper holder of the Note and successor-in-interest to First Horizon Home Loans, A Division of First Tennessee Bank N.A., and has performed its obligations under the Note and Mortgage.

52. The Defendant, Kevin M. Morneault, breached the terms of the Note and Mortgage by failing to properly tender the September 1, 2011 payment and all subsequent payments. *See* Exhibit H.

53. The Plaintiff, DLJ Mortgage Capital, Inc., is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Kevin M. Morneault.

54. The Defendant, Kevin M. Morneault, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

55. The Defendant, Kevin M. Morneault, is indebted to DLJ Mortgage Capital, Inc. in the sum of Two Hundred Twenty-Five Thousand Forty-Two and 30/100 ($225,042.30) Dollars, for money lent by the Plaintiff, DLJ Mortgage Capital, Inc., to the Defendant.

56. Defendant, Kevin M. Morneault's, breach is knowing, willful, and continuing.

57. Defendant, Kevin M. Morneault's, breach has caused Plaintiff, DLJ Mortgage Capital, Inc., to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

58. The total debt owed under the Note and Mortgage as of September 4, 2024, if no payments are made, is Two Hundred Twenty-Five Thousand Forty-Two and 30/100 ($225,042.30) Dollars.

59. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

60. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant but only seeks *in rem* judgment against the property.

## COUNT IV –UNJUST ENRICHMENT

61. The Plaintiff, DLJ Mortgage Capital, Inc., repeats and re-alleges paragraphs 1 through 60 as if fully set forth herein.

62. First Horizon Home Loans, A Division of First Tennessee Bank N.A., predecessor-in-interest to DLJ Mortgage Capital, Inc., loaned the Defendant, Kevin M. Morneault, $106,000.00. *See* Exhibit B.

63. The Defendant, Kevin M. Morneault, has failed to repay the loan obligation.

64. As a result, the Defendant, Kevin M. Morneault, has been unjustly enriched to the detriment of the Plaintiff, DLJ Mortgage Capital, Inc. as successor-in-interest to First Horizon Home Loans, A Division of First Tennessee Bank N.A. by having received the aforesaid benefits and money and not repaying said benefits and money.

65. As such, the Plaintiff, DLJ Mortgage Capital, Inc., is entitled to relief.

66. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

# PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, DLJ Mortgage Capital, Inc., prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Determine the amount due, and priority of any valid interest any Party-In-Interest that appears in this action;

c) Grant possession to the Plaintiff, DLJ Mortgage Capital, Inc., upon the expiration of the period of redemption;

d) Find that the Defendant, Kevin M. Morneault, is in breach of the Note by failing to make payment due as of September 1, 2011, and all subsequent payments;

e) Find that the Defendant, Kevin M. Morneault, is in breach of the Mortgage by failing to make payment due as of September 1, 2011, and all subsequent payments;

f) Find that the Defendant, Kevin M. Morneault, entered into a contract for a sum certain in exchange for a security interest in the subject property;

g) Find that the Defendant, Kevin M. Morneault, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due September 1, 2011 and all subsequent payments;

h) Find that the Plaintiff, DLJ Mortgage Capital, Inc., is entitled to enforce the terms and conditions of the Note and Mortgage;

i) Find that by virtue of the money retained by the Defendant, Kevin M. Morneault has been unjustly enriched at the Plaintiff's expense;

j) Find that such unjust enrichment entitles the Plaintiff, DLJ Mortgage Capital, Inc., to restitution;

k) Find that the Defendant, Kevin M. Morneault, is liable to the Plaintiff, DLJ Mortgage Capital, Inc., for money had and received;

l) Find that the Defendant, Kevin M. Morneault, has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendant, Kevin M. Morneault, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, DLJ Mortgage Capital, Inc., is entitled to restitution for this benefit from the Defendant, Kevin M. Morneault;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Kevin M. Morneault, and in favor of the Plaintiff, DLJ Mortgage Capital, Inc., in the amount of Two Hundred Twenty-Five Thousand Forty-Two and 30/100 ($225.042.30 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs as affected by the so-called "carve out" provisions of the *Finch* and *Moulton* (If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property);

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,<br>
DLJ Mortgage Capital, Inc.,<br>
By its attorneys,

Dated: December 4, 2024

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com