UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| 1900 CAPITAL TRUST II, BY US BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS CERTIFICATE TRUSTEE, .<br><br>     Plaintiff<br><br> v.<br><br>KEVIN M. MORNEAULT<br><br>     Defendant,<br><br>     And<br><br>ATLANTIC CREDIT AND FINCANCE, INC., CAPTIAL ONE BANK USA, N.A., and LEE'S CONCRETE, INC.<br><br>     Parties-In-Interest | |
| KEVIN M. MORNEAULT<br><br>     Counterclaim Plaintiff<br><br> v.<br><br>1900 CAPITAL TRUST II, BY US BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS CERTIFICATE TRUSTEE, . and FEDERAL NATIONAL MORTGAGE ASSOCIATION<br><br>     Counterclaim Defendants | Case No. 1:24-cv-00416-LEW |

1

<strong>STIPULATION REGARDING</strong>

1. **DELARATION OF FEDERAL NATIONAL MORTGAGE ASSOCIATION**

2. **EXISTANCE OF PRIVITY BETWEEN FANNIE MAE AND ITS LOAN SERVICERS**

With respect to the Declaration of Federal National Mortgage Association dated August _, 2025, (the "Declaration") a copy of which is attached hereto as Exhibit 1, Plaintiff 1900 Capital Trust II ("Plaintiff") and Defendant Kevin Morneault ("Defendant") hereby stipulate as follows:

1. The statements and exhibits attached to the Declaration shall be admissible for all purposes in this action in any dispositive motion and/or as trial evidence in any trial of the action, and

2. Both Plaintiff and Defendant stipulate to the truth of the statements contained in the Declaration.

3. Both Plaintiff and Defendant stipulate that the statements contained in the Declaration shall be admissible evidence on any motion for summary judgment and at trial notwithstanding the fact that not all of the business records of Federal National Mortgage Association referred to in the Declaration are attached to it and may not be offered as evidence at any motion for summary judgment or at trial.

4. The Declaration shall be admissible evidence at trial notwithstanding the provisions of F.R.Evid. 802, and neither party shall object to the admissibility of any of the statements contained in the Declaration on any grounds.

5. Based upon the facts stated in the Declaration of Fannie Mae, Plaintiff and Defendant hereby stipulate that Fannie Mae and its mortgage servicers were in privity regarding the

Morneault Loan throughout the 2012 Foreclosure Action until Fannie Mae sold the Morneault Loan to DLJ Mortgage Capital, Inc. on or about July 29, 2021.

DATED: September 4, 2025

/s/Thomas A. Cox, Esq.
Thomas A. Cox, Esq. Me. Bar No. 1248
*Attorney for Defendant and Counterclaim Plaintiff Kevin Morneault*

P.O. Box 1083
Yarmouth, ME 04096
(207) 749-6671

/s/*Reneau J. Longoria,* Esq.
Reneau J. Longoria, Esq. Bar No. 005746
*Attorney for Plaintiff and Defendants on the Counterclaims*

Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com