UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **1900 CAPITAL TRUST II, BY US BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS CERTIFICATE TRUSTEE,** <br><br> **Plaintiff** <br><br> vs. <br><br> **Kevin M. Morneault,** <br><br> **Defendant** <br><br> _____ <br><br> **Kevin M. Morneault,** <br><br> **Counterclaim Plaintiff** <br><br> vs. <br><br> **1900 CAPITAL TRUST II, BY US BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS CERTIFICATE TRUSTEE,** <br><br> **Counterclaim Defendant** | **CIVIL ACTION NO: 1:24-cv-00416-LEW** <br><br><br> **RE:** <br> **412 Essex Street, Bangor, ME 04401** <br><br> **Mortgage:** <br> **January 24, 2008** <br> **Book 11276, Page 110** |

**PLAINTIFF/COUNTERCLAIM DEFENDANT'S OPPOSITION TO
KEVEN M. MORNEAULT'S MOTION FOR SUMMARY JUDGMENT**

NOW COMES 1900 Capital Trust II, By US Bank Trust National Association, not in Its Individual Capacity but Solely as Certificate Trustee ("1900 Capital Trust"), by and through its undersigned counsel, and opposes the Motion for Summary Judgment of Kevin M. Morneault ("Mr. Morneault") [ECF 64], as follows:

## I.    INTRODUCTION AND BACKGROUND

1

In sum, Morneault is not entitled to Summary Judgment because the prior decisions he relies upon were not on their merits.  The parties agree that Mr. Morneault executed and delivered the Note and Mortgage.[1]  The parties agree about the material procedural history relevant to this motion that JP Morgan Chase Bank ("Chase") filed a prior foreclosure case concerning the note, mortgage, and subject property in Bangor District Court in October 22, 2012.[2]  Chase was the mortgagee in a chain of assignments originating with MERS, who was named in the Mortgage as the mortgagee in its capacity as the original lender's nominee.  That Court entered judgment in favor of Chase in February 2014, and Mr. Morneault appealed to the Maine Law Court.[3]  In December 2014, the Law Court vacated the judgment and remanded for entry of judgment in favor of Mr. Morneault because the Law Court decided that Chase "lacked standing to foreclose on the mortgaged premises."[4]  The Law Court reached its conclusion that Chase lacked standing based on its first opinion in the *Greenleaf* case.[5]  In January 2015, the Bangor District Court then issued an Order on remand that: "Pursuant to the decision from the Law Court, Defendant Morneault is entitled to judgment because the evidence established as a matter of law that plaintiff lacked standing to foreclose on the mortgaged premises."[6]

On November 30, 2015, an assignment of the mortgage from First Horizon Home Loans to Federal National Mortgage Association remedied the MERS/Greenleaf issue.[7]  Chase then filed a motion for relief from the judgment after the Law Court clarified in its second opinion in

---

[1] Stipulated Statement of Material Facts, Par. 3 and 4 [ECF 60].
[2] Stipulated Statement of Material Facts, Par. 17 [ECF 60].
[3] Stipulated Statement of Material Facts, Par. 18 and 19 [ECF 60].
[4] Stipulated Statement of Material Facts, Par. 19 [ECF 60].
[5] *Bank of America, N.A., v. Greenleaf,* 2014 ME 89, ¶ 17 (July 3, 2014)(". . . we conclude that the Bank lacked standing to seek foreclosure on the mortgage and accompanying note. We vacate the foreclosure judgment on this basis.")
[6] Stipulated Statement of Material Facts, Par. 20 [ECF 60].
[7] Stipulated Statement of Material Facts, Par. 9 [ECF 60].

2

the *Greenleaf* case that lack of standing renders a plaintiff's complaint non-justiciable.[8]  The

Bangor District Court denied the motion on August 24, 2021 stating that: "The Law Court

ordered entry of Judgment for the Defendant.  The Law Court could have, but did not, order

dismissal for lack of standing."  1900 Capital Trust acknowledges that Chase did not appeal that

decision and does not argue that this matter proceeds because that decision was "wrong." Rather,

1900 Capital Trust proceeds because that decision was not on the merits.[9]

Chase and FNMA were "stuck" with the January 2015 order.  So is 1900 Capital Trust.

So is Mr. Morneault.  That judgment was not an adjudication on the merits.  It was a decision

**only** that Chase's 2012 suit was non-justiciable because Chase lacked standing.  It does **not** bar

Plaintiff's present suit.[10]  It has consequences, but it does not have any preclusive effect under

the doctrine of res judicata.  From that, it follows that Mr. Morneault is not entitled to the post-

*Finch* declaratory relief he seeks in his counterclaims.  It further follows that he is not entitled to

summary judgment on the Plaintiff's counts against him.

Even more, much has changed since January 2015.  The Law Court clarified Maine

foreclosure law in cases like *Finch*[11] and *Moulton*.[12]  Even if Mr. Morneault *may* have been able

to obtain the declaratory relief he desires back in 2015, (i.e., a free house), as this Court has

---

[8] *Bank of America N.A., v. Greenleaf,* 2015 ME 127, ¶ 8 ("When discovered, a standing defect does not affect, let alone destroy, the court's authority to decide disputes that fall within its subject matter jurisdiction. *Homeward Residential, Inc. v. Gregor,* 2015 ME 108, ¶ 19, 122 A.3d 947. A plaintiff's lack of standing renders that plaintiff's complaint nonjusticiable—i.e., incapable of judicial resolution. *See id.* ¶ 24").
[9] Stipulated Statement of Material Facts, Par. 23 and 24 [ECF 60].
[10] *U.S. Bank, N.A. v .Curit*, 2016 ME 17 ¶10 (a court may not rule on the merits of a claim, if the plaintiff does not have standing to bring the complaint); *Bank of New York v. Dyer*, 2016 ME 10 ¶11(The trial court had no power to make an adjudication on the merits of the claims, including a dismissal with prejudice, because the Plaintiff lacked standing); *Homeward Residential, Inc. v. Gregor*, 2014 ME 89 ¶17; Greenleaf I at ¶17; and Greenleaf II at ¶8-9 (Plaintiff's lack of standing renders complaint nonjusticiable).
[11] *Finch v. U.S. Bank, N.A.,* 2024 ME 2, 207 A.3d 1049.
[12] *J.P. Morgan Mortgage Acquisition Corp. v. Moulton*, 2024 ME 13, 314 A.3d 134.

3

explained in prior decisions, this drastic result is no longer available under the present legal landscape.[13]

Finally, while the parties agree on most material facts, the Parties **disagree** as to whether this action is based on the same default as the prior action. Morneault's Motion for Summary Judgment is based on the incorrect factual statement that "same alleged event of default as involved in this action commenced in 2024."[14] Not so. The Plaintiff in its Notice of Right to Cure made it clear that it was not attempting to collect amounts past due in the prior foreclosure action.[15] The relevant documents to determine this issue, the Notice of Right to Cure and the Complaint, are included in the record.[16] This evidence clearly shows that this second foreclosure action does not involve the same default.

In sum, Morneault's Motion for Summary Judgment focuses on his post *Finch* counterclaims and res judicata defense. Those arguments lack merit both because he wrongly

---

[13] In *Girouard*, the borrowers took the next step to file a Declaratory Complaint that their "note and mortgage are unenforceable and that they own their property free and clear of [the lender's] mortgage encumbrance," however, this Court set aside that relief following the Law Court's decision in *Finch. Girouard v. Wells Fargo Bank*, N.A., 2024 WL 3691670 (August 2, 2024).

[14] ECF 64, P. 2.

[15] The Plaintiff in its Notice of Right to Cure, ("NRC"), clearly acknowledged the carve out and was not attempting to collect amounts past due in the prior foreclosure action, the letter states: "An itemization of all past due amounts, as affected by the *Finch* and *Moulton* cases, pursuant to the analysis therein, is set forth below. The judgment previously vacated only precludes the seeking of a "future claim for the unaccelerated balance due on the note as of the date of the [prior final] judgment" (*Moulton,* Revised, emphasis in original). The prior foreclosure case was filed in the Bangor District Court under docket No. RE-12-172. That matter alleged a default date of September 1, 2011, and final judgment entered in that matter on December 23, 2014. Mortgage interest payments are made in arrears, and therefore, all interest from August 1, 2011, and all fees and costs incurred pursuant to that default, or related to that litigation, are non-collectable. However, the interest accrued after December 23, 2014, and fees and costs after that date which were not related to that prior litigation, including, but not limited to, reasonable interest and late charges, attorney's fees and other reasonable fees and costs, causing the loan to be in default after December 23, 2014, are collectable and are as follows [payments from January 1, 2015 forward individually listed]."

[16] ECF 17, 17-9.

concludes that the prior action was decided on the merits and because he wrongly asserts that the Plaintiff alleges the same default.

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, the Court shall grant summary judgment if the movant shows "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A dispute is "genuine" if "it can be resolved in favor of either party," and a fact is "material" if "it has the potential of affecting the outcome of the case."[17] Defendant in this Motion for Summary Judgment is the moving party and bears the initial burden of showing that no such dispute exists, and the Plaintiff must respond "with sufficient evidence to allow a reasonable jury to find in its favor with respect to each issue on which it has the burden of proof."[18] In considering the Motion, the record is viewed in the light most favorable to the non-moving party and all reasonable inferences are drawn in its favor.[19] The Court is "not obliged either 'to draw unreasonable inferences or credit bad assertions [or] empty conclusions.'"[20] "Mere allegations, or conjecture unsupported in the record, are insufficient."[21]

## III.     ARGUMENT AND AUTHORITIES

### A.  <u>Res Judicata Does Not Bar this Foreclosure as a Matter of Law</u>

Mr. Morneault's entire argument is founded on two false premises. The first false premise: that the 2015 judgment extinguished the right to foreclose. It extinguished nothing. It

---

[17] *Vesper Maritime v. Lyman Morse Boatbuilding, Inc.,* 502 F.Supp. 3d 551, 559 (D. Me. 2020)(quoting *Muñoz v. Rebarber-Ocasio*, 970 F.3d 53, 62 (1st Cir. 2020)(internal quotation marks omitted)).
[18] *Id.* (internal quotation marks omitted).
[19] *Id.* (citing *Perry v. Roy,* 782 F.3d 73, 77 (1st Cir. 2015))*.*
[20] *Id.* (citing *Theriault v. Genesis HealthCare LLC*, 890 F.3d 342, 348 (1st Cir. 2018)).
[21] *Barros-Villahermosa v. United States,* 642 F.3d 56, 58 (1st Cir. 2011).

is not a judgment on the merits and has no preclusive effect.[22]  The actual decision on the merits was entered in that plaintiff's favor.[23]  The Maine Law Court reversed the judgment in plaintiff's favor because that plaintiff lacked standing.[24]  The trial court followed the Law Court's directive and entered judgment in favor of Mr. Morneault explicitly and only because that plaintiff lacked standing.[25]  The Order did not award any other relief.  It did not issue sanctions.  The suit was simply non-justiciable.  The judgment did not preclude a subsequent foreclosure by a party with standing.[26]

---

[22] *See* ECF 64, PageID#, ("P."), 440 citing *Sunnen* for the res judicata standard, "A final judgment *on the merits* of an action . . ." *Commissioner v. Sunnen*, 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948); *Cromwell v. County of Sac*, 94 U.S. 351, 352–353, 24 L.Ed. 195 (1877)(emphasis added).

[23] SSMF 18, (ECF 59-1 and 59-3), ECF 64, P. 438, n 10.

[24] A copy of the Law Court's decision is attached to Mr. Morneault's Amended Answer as Exhibit 1 [ECF 38].  It states in pertinent part:

> Kevin M. Morneault appeals from a judgment of foreclosure entered by the District Court (Bangor, Jordan, J.) in favor of JPMorgan Chase Bank, N.A. (JPM), following a bench trial. The judgment predated the issuance of our opinion in Bank of America, N.A. v. Greenleaf, 2014 ME 89, 96 A.3d 700. Pursuant to our holding in that case, Morneault is entitled to judgment because the evidence establishes as a matter of law that JPM lacked standing to foreclose on the mortgaged premises. Id. ¶¶ 12-17.
> The entry is:
> Judgment vacated. Remanded for entry of judgment for Morneault.

[25] SSMF 20, (ECF 59-1 and 59-5).

[26] *Finch v. U.S. Bank, N.A.,* 2024 ME 2, ¶29-30 ("a settled principle of claim preclusion that we did not acknowledge in *Deschaine* or *Pushard* holds that a judgment based on the plaintiff's failure to comply with a precondition to the commencement of the action is not given preclusive effect because a plaintiff's claim cannot be litigated if the plaintiff is not entitled to bring the suit. *See* Restatement (Second) of Judgments § 20(2) (Am. L. Inst. 1982); *Dutil v. Burns*, 1997 ME 1, ¶ 5 & n.3, 687 A.2d 639. . . Moreover, the rule applies regardless of *when* the court determines that the action is premature or the plaintiff has failed to satisfy a precondition to suit—at the pleadings stage, during discovery, or even at trial. Id.; *S. Willow Props., LLC v. Burlington Coat Factory of N.H., LLC*, 159 N.H. 494, 986 A.2d 506, 511 (2009); *Id.* at ¶52 ("As we have explained above, the foreclosure judgment in favor of Finch does not bar a further foreclosure action or render the note and mortgage unenforceable . . ."); *J.P. Morgan Mortgage Acquisition Corp. v. Moulton*, 2024 ME 13, ¶12 ("Therefore, when a court enters summary judgment against a lender or dismisses the lender's foreclosure claim due to a deficient notice of the right to cure

Even so, the prior judgment has had substantial consequences. There was an immediate loss of time and money (at least for the plaintiff).[27] Mr. Morneault has enjoyed the use, possession, and proceeds, if any, from the property for over a decade while the lenders have paid the taxes and insurance premiums to protect the Property. The prior judgment resulted in a significant reduction of the amount in default as well as the amount due. The passage of time with a shifting legal landscape affects the parties now.

The doctrine of res judicata is a nuanced concept. The doctrine seeks to avoid re-litigation of previously adjudicated issues or claims. However, it generally does not apply to decisions that are not on the merits. This concept is not new or novel. Section 49 of the First Restatement of Judgments states:

> § 49 Judgment for Defendant Not on the Merits
>
> Where a valid and final personal judgment not on the merits is rendered in favor of the defendant, the plaintiff is not thereby precluded from thereafter maintaining an action on the original cause of action and the judgment is conclusive only as to what is actually decided.[28]

This approach was reiterated in the Second Restatement. In Section 20, it states:

> § 20 Judgment for Defendant—Exceptions to the General Rule of Bar
>
> (1) A personal judgment for the defendant, although valid and final, does not bar another action by the plaintiff on the same claim:

---

under section 6111, the effect of the judgment or dismissal of the claim is to preclude any future claim for the unaccelerated balance due on the note as of the date of the judgment (unless the lender has asserted a separate claim for the unaccelerated balance due). *Id.* ¶¶ 51-52. It does not preclude the lender from bringing a future foreclosure claim based on a future default, nor does it discharge the entire mortgage or effect a transfer of title. *Id.* ¶ 52"). [27] *See* Note 13 *supra.* The sums due from the default date of September 1, 2011, through the date the final judgment entered in that matter on December 23, 2014, were carved out and 1900 Capital Trust acknowledges that they are non-recoverable in this action.

[27] *See* Note 13 *supra.* The sums due from the default date of September 1, 2011, through the date the final judgment entered in that matter on December 23, 2014, were carved out and 1900 Capital Trust acknowledges that they are non-recoverable in this action.

[28] Restatement (First) of Judgments § 49 (1942).

7

(a) When the judgment is one of dismissal for lack of jurisdiction, for improper venue, or for nonjoinder or misjoinder of parties; or

(b) When the plaintiff agrees to or elects a nonsuit (or voluntary dismissal) without prejudice or the court directs that the plaintiff be nonsuited (or that the action be otherwise dismissed) without prejudice; or

(c) When by statute or rule of court the judgment does not operate as a bar to another action on the same claim, or does not so operate unless the court specifies, and no such specification is made.

(2) A valid and final personal judgment for the defendant, which rests on the prematurity of the action or on the plaintiff's failure to satisfy a precondition to suit, does not bar another action by the plaintiff instituted after the claim has matured, or the precondition has been satisfied, unless a second action is precluded by operation of the substantive law.[29]

This principle is also fundamental in Maine jurisprudence. In the *Deschaine* case, the Law Court specifically cites its own decision in *Penkul v. Matarazzo* for the principle that only adjudications on the merits have preclusive effect.[30] This was a significant element of the rationale for the Law Court's decisions in *Finch* and *Moulton* and has been accepted by various judicial foreclosure states in determining that res judicata does not bar subsequent foreclosure when a matter is dismissed for a lack of standing.[31]

---

[29] Restatement (Second) of Judgments § 20 (1982).

[30] *Federal National Mortgage Association v. Deschaine,* 2017 ME 190, ¶17, 170 A.3d. 230, 236, citing *Penkul v. Matarazzo*, 2009 ME 113, ¶ 8, 983 A.2d 375 ("For a valid final judgment to have preclusive effect, it must be made on the merits of the case.")

[31] *Finch v. U.S. Bank, N.A.,* 2024 ME at ¶29-30; *J.P. Morgan Mortgage Acquisition Corp. v. Moulton*, 2024 ME at ¶12; *see also Selene Finance, LP. v. Coleman,* 187 A.D.3d 1082 (N.Y. 2020)("a dismissal premised on a lack of standing is not a dismissal on the merits"(citations omitted)); *U.S. Bank, NA, as Trustee v. Davis*, 232 A.3d 952 (Penn. 2020)(Reversed the trial court decision finding that the prior foreclosure action did not preclude a second foreclosure—res judicata did not apply as a different period of default is alleged in the second foreclosure action); *Id.* at 957 (Colorable claim that res judicata did not bar second foreclosure precluded relief against the mortgagee for violation of the Federal Debt Collection Practices Act); *U.S. Bank Trust, NA, as Trustee v. Watson,* 2020 WL 3409891, ¶ 30 (Ohio 2020)(Lender not precluded from litigating claim in second foreclosure when the claim-preclusive effect of the first foreclosure was not actually litigated"; *Singleton v. Greymar Assoc.*, 882 So.2d 1004 (Fla. 2004)(res judicata does not bar subsequent foreclosure which alleges a separate default); *Afoiabi. Atlantic Mortgage & Investment Corp*, 849 N.E.2d 1170 (Ind. 2006)(Claim preclusion prong of the doctrine of res judicata does not bar successive mortgage foreclosure case); and *Fed. Nat'l Mortg. Assn. v. Thompson*, 912 N.W.2d 364, 366 (Wisc. 2018)(res judicata did not bar second

8

It is also notable that the cases on which Mr. Morneault grounds his argument on are distinctly different from this case. In *Deschaine*, the trial court dismissed the prior foreclosure case with prejudice because the parties had failed to comply with a management order. Because the trial court dismissed the case with prejudice as a sanction, it qualified as a decision on the merits with preclusive effect.[32] In *Johnson*, the trial court dismissed the Plaintiff's initial lawsuit with prejudice as a sanction for failure to file a report of conference of counsel.[33] *Pushard* is significantly different too, because the trial court rendered a decision on the merits in favor of the defendants. It found that the mortgage creditor "had failed to meet its burden to prove three of the eight elements of a foreclosure action: (1) a breach of a condition of the mortgage; (2) the amount due; and (3) that the notice of default that it sent to the Pushards complied with statutory requirements."[34] Thus, to the extent that Morneault argues that *Pushard* is somehow binding because he believes that *Finch* and *Moulton* are not retroactive, or are in some way limited to Notice of Right to Cure deficiencies, his argument nonetheless fails because *Pushard* was based

---

action on mortgagor's continuing default because "second lawsuit alleged a different date of default than was alleged in the first lawsuit").

[32] *Federal National Mortgage Association v. Deschaine,* 2017 ME 190, ¶ 7, 170 A.3d. 230, 233-4 ("Additionally, as Fannie Mae acknowledged at oral argument, because the dismissal with prejudice in the 2011 action was imposed as a sanction pursuant to Rule 16A(d) based on both parties' failure to comply with a scheduling order, that dismissal has the same effect as an adjudication on the merits of Fannie Mae's foreclosure complaint regardless of whether Fannie Mae had standing at the time of the dismissal to pursue foreclosure. *See Green Tree Servicing, LLC v. Cope*, 2017 ME 68, ¶¶ 17–18 & n.10, 158 A.3d 931. The dismissal is therefore a valid final judgment for purposes of res judicata. *See Penkul v. Matarazzo*, 2009 ME 113, ¶ 8, 983 A.2d 375 ("For a valid final judgment to have preclusive effect, it must be made on the merits of the case."); *Johnson*, 1997 ME 220, ¶¶ 3, 8, 704 A.2d 866 (concluding that a judgment dismissing the plaintiff's foreclosure complaint with prejudice based on its failure to timely file a report of conference of counsel "operated as an adjudication on the merits" (quotation marks omitted)).")

[33] *Johnson v. Samson Const. Corp.*, 1997 ME 220, ¶ 3, 704 A.2d 866, 868.

[34] *Pushard v. Bank of America, N.A.*, 2017 ME 230, ¶ 4, 175 A.3d 103, 107.

9

on a foreclosure decision on the merits, unlike the prior judgment here that the Law Court reversed solely based on standing.

The U.S. Supreme Court law cited by Morneault also supports this limitation of the application of res judicata.[35] Morneault attempts to avoid the fundamental flaw in his argument that to apply res judicata, the prior judgment must have been on the merits, by mischaracterizing the Plaintiffs' argument as an attempt to avoid res judicata by taking the position that the prior decisions were "wrong." He states, "Plaintiff will argue . . ." the 2015 and 2022 decisions "were wrong and they should not operate as res judicata to bar this action."[36] Plaintiff did not and does not argue as Morneault hoped that the prior decisions were "wrong." Rather, Plaintiff argues, based on the same fundamental law he references, as well as clear Maine precedent, that the prior judgments were not on the merits of the case brought by Plaintiff but based on a lack of standing and justiciability. Thus, res judicata does not bar this action.

The 2015 Judgment was entered in favor of Morneault only because Chase lacked standing at the time.[37] The words of the judgment mean what they say and nothing more. The Law Court clarified that lack of standing is "a condition of justiciability that a plaintiff must satisfy in order to invoke the courts subject matter jurisdiction in the first place",[38] and "it is an issue cognizable at any stage of a legal proceeding, even after a completed trial."[39]

---

[35] *See Commissioner v. Sunnen*, 333 U.S. at, 597, 68 S.Ct. at, 719; *Cromwell v. County of Sac*, 94 U.S. at 352–353, "A final judgment on the merits of an action. . ."; *Angel v. Bullington*, 330 U.S. 183,187 (1947)(". . . judgment on the merits" not altered by the fact that is may have been wrong . . ."); and *Moore v. Harper,* 600 U.S. 1, 17, quoting *Federated Dept. Stores, Inc. v. Mottie,* 452 U.S. 394, 398-399 (". . .consequences of a final unappealed *judgment on the merits* . . .").
[36] ECF 64, P. 440.
[37] ECF 38.
[38] *Bank of America, N.A., v. Greenleaf,* 2015 ME 127, ¶ 7, 124 A.3d 1122, 1125.
[39] *Id.,* 2015 ME 127 ¶ 8, 124 A.3d 1122, 1125.

Morneault's reliance on the *Howe* decision is likewise misplaced.  In that case, the Court

*rejected* Howe's Motion for Summary Judgment that requested the Court apply res judicata to

bar that action based on the argument that a suit on the note and equitable claims *could have*

been included in the prior declaratory action.[40]  Like the prior judgments in this case which were

based on standing, the prior judgment in Howe focused on establishing standing and did not

preclude the subsequent action on the Note.[41]

Morneault's reliance on *Fuller* is likewise unpersuasive.[42] Even if not contrary to the

prior decisions of this Court in *Girouard* and *Chagnon* on the issue of res judicata,[43] *Fuller* did

not involve a prior decision based on standing.  It is also key to the *Fuller* decision that the 2018

decision and the 2021 Declaratory action brought to confirm that the Note and Mortgage were

unenforceable were filed before the *Finch* decision.[44]  Here, until advanced by a counter-claim

post-*Finch*, no declaratory action had been advanced by Morneault notwithstanding the fact that

he is represented by the same counsel.  As this Court interpreted *Finch* twice to mean what the

decision says and acknowledged the "sea change"  in the law,  returning to pre-*Pushard*

jurisprudence and away from the "one and done" "free house" practice, the *Fuller* decision, to

---

[40] *Wilmington Trust, National Association v. Howe*, No. 2:21-cv-00278-NT (ECF 88), 2024 WL 5158825 at * 8 (After setting forth the standard quoted by Morneault at *7, the Court held "While this question is a close one, I conclude that MFRA has the better argument")

[41] Though later consolidated with a Complaint for Foreclosure and Sale, at the time the Summary Judgment decision entered on December 18, 2024, the matter advanced a claims on the Note and related equitable counts. *Id.*

[42] *Fuller v. WVMF Funding et. al.* 2024 WL 5159141, appeal filed May 30, 2025.

[43] *See Girouard v. Wells Fargo Bank*, 2024 WL 3691670, at *3 and *Chagnon v. Teske*, 2024 WL 1374761, *2, *quoting Pearson v. Wendell*, 125 A.3d 1149, 1157 (Me. 2015) (quoting *Portland Water Dist. v. Town of Standish*, 940 A.2d 1097, 1099 (Me. 2008)

[44] *Fuller v. WVMF Funding et. al.* 2024 WL 5159141 at *6 (The Court in *Fuller* distinguished this Court's decision in *Girouard* on the grounds that "the Girouards did not argue that *Finch* should not be applied retroactively" and pointed out that the 2021 action to confirm the lender was forever precluded from enforcing the Note and Mortgage was file prior to the issuance of *Finch*.)

11

the extent it may be interpreted as contrary to the sea change in the law does not support the relief Morneault seeks as it was not based on a lack of *Greenleaf* standing later corrected, and Morneault did not seek the declaratory relief pre-*Finch*.

There is also whispered accusation implied in Morneault's argument, too, that MERS is a scam and the loan was predatory. To be clear: The MERS issue is a technical aspect of Maine foreclosure law. The *Greenleaf* result was not punishment, Morneault has not alleged that the original lender victimized him, and the 2015 judgment was not entered in his favor as a sanction.

Finally, the two recent decisions of this district[45] addressing the *Rooker-Feldman* Doctrine are also not persuasive in support of Summary Judgement for the same reasons this argument was rejected in *Howe*.[46] The Plaintiff is not asking this Court to overturn, reconsider, or vacate a state court order.  The Plaintiff is advancing a second foreclosure case with related counts on the note and in equity based on the clarification of precedent in *Finch*.

### B.  This 2024 Action Does Not Allege the Same Default as the 2012 Action

The second false premise for Morneault's Motion is that this action is based on the same default as the prior action.  Morneault's Motion for Summary Judgment specifically makes the argument that "This Amended Complaint also sought recovery for the full outstanding balance of the Morneault Loan."[47]  Morneault boldly makes the incorrect factual statement that the "same alleged event of default as involved in this action commenced in 2024."[48]  From the outset, following the *Finch* and *Moulton* decisions, the Plaintiff in its Notice of Right to Cure made it

---

[45] *Douglas v. Birch Point Storage LLC*, No. 2:20-CV-00227-LEW, 2025 WL 2305860, at *1, n.2 (D. Me. July 22, 2025, and  *Torre v. Dep't of Health & Hum. Servs.*, No. 2:25-CV-00342-NT, 2025 WL 2169840, at *3 (D.Me. July 31, 2025).

[46] *Wilmington Trust, National Association v. Howe*, No. 2:21-cv-00278-NT (ECF 88), 2024 WL 5158825 at * 5.

[47] ECF 64 at P. 2 and 5.

[48] ECF 64, P. 2.

clear that it was not attempting to collect amounts past due in the prior foreclosure action.[49]  The

Notice of Right to Cure and the Complaint, are included in the record.[50] Both acknowledge the

prior matter, the fact that payments have not been received from that date, and the carve-out.  In

fact, the paragraph Morneault cites in support of his argument, paragraph 32 specifically states:

> 32. The Defendant, Kevin M. Morneault, is presently in default on said
> Mortgage and Note, having failed to make the monthly payments and would
> otherwise be due September 1, 2011, however, **because a prior foreclosure
> action was dismissed on appeal for lack of standing due to the Greenleaf
> decision, the date of default has been advanced to January 2015 and
> includes all subsequent missed payments**. As a result, the Defendant has
> breached the conditions of the Mortgage and Note.[51]

The paragraphs of the Complaint setting forth the amount due on the loan, not referenced

by Morneault, make this point very clear.  In paragraphs 25 and 26, as previously articulated in

the Notice of Right to Cure, the Plaintiff only outlined amounts due **after** the December 23,

2014 date as follows:

> 25. Mortgage interest payments are made in arrears, and therefore, all interest
> from August 1, 2011, and all fees and costs incurred pursuant to that default,
> or related to that litigation, are non-collectable. However, the interest accrued
> after December 23, 2014, and fees and costs after that date which were not
> related to that prior litigation, including, but not limited to, reasonable interest
> and late charges, attorney's fees and other reasonable fees and costs, causing
> the loan to be in default after December 23, 2014, are collectable as set forth in
> the letter sent.

---

[49] "An itemization of all past due amounts, as affected by the *Finch* and *Moulton* cases, pursuant to the analysis therein, is set forth below  . . . The prior foreclosure case was filed in the Bangor District Court under docket No. RE-12-172. That matter alleged a default date of September 1, 2011, and final judgment entered in that matter on December 23, 2014. Mortgage interest payments are made in arrears, and therefore, all interest from August 1, 2011, and all fees and costs incurred pursuant to that default, or related to that litigation, are non-collectable. However, the interest accrued after December 23, 2014, and fees and costs after that date which were not related to that prior litigation, including, but not limited to, reasonable interest and late charges, attorney's fees and other reasonable fees and costs, causing the loan to be in default after December 23, 2014, are collectable and are as follows [payments beginning with January of 2025 outlined in the notice]."

[50] ECF 17, 17-9.

[51] ECF 17, P. 7-8.

26. The total debt owed under the Note and Mortgage as of September 4, 2024, is Two Hundred Twenty-Five Thousand Forty-Two and 30/100 ($225,042.30) Dollars, (in compliance with the so-called "carve out" provisions of the *Finch* and *Moulton* cases for amounts due as on December 23, 2014) which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $102,797.26 |
| Interest | $63,207.12 |
| Escrow/Impound Advance Balance | $49,881.84 |
| Loan Level Advance Balance | $9,162.52 |
| Unapplied Funds | $-6.44 |
| Grand Total | $225,042.30[52] |

If Morneault had cured the default in the Notice, his loan would have been current. If he pays the amount due to the date of pay-off which provides for this carve-out, his obligation would be satisfied. Absent satisfaction, "the terms of the mortgage state with metaphysical certainty" that 1900 Capital Trust, as the mortgagee, has title to the property.[53] Where, as here, "Maine is a title theory state, [so a] 'mortgage is a conditional conveyance vesting the legal title in the mortgagee, with only the equity of redemption remaining in the mortgagor.[54]

Absent the payment, the record supports a finding in favor of Plaintiff that all of the elements necessary to establish Foreclosure and Sale *in rem* have been established under the statute as outlined in *Higgins*[55] and the Plaintiff's damages will be for principal, and post-December 23, 2014 advances and interest due  as set forth in the Notice to Cure and the Complaint to proven at hearing on damages.

---

[52] ECF 17 paragraphs 25 and 26, *see also* paragraphs 33, 46, 56 59 and Wherefore paragraph sub. d.

[53] *Girouard* at *3;  ECF 17-2, 3, 6, 7, 8 (Documentation establishing ownership of Mortgage).

[54] *Id.,* quoting *KeyBank Nat'l Ass'n v. Keniston*, 298 A.3d 800, 805 (Me. 2023) (quoting *Johnson v. McNeil*, 800 A.2d 702, 704 (Me. 2002)).

[55] *Chase Home Fin. LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508.

## IV.    CONCLUSION

Mr. Morneault seeks declaratory relief in his 2025 counterclaims that he is not entitled to.  He wants a free house.  He did not seek such relief in the 2012 case or in the years following.  His choice to wait has consequences because the Law Court has since clarified that such relief is unavailable.[56]  For all of these reasons, he is not entitled to the relief he seeks in his Summary Judgment Motion as to his counterclaims, nor is he able to defend this second foreclosure action on the basis of res judicata, where, as here, the prior decision in his favor was clearly not on the merits, but rather on a lack of standing pursuant to *Greenleaf*.

WHEREFORE, the 1900 Capital Trust requests that this Court deny Kevin Morneault's Motion for Summary Judgment, enter judgment in Plaintiff's favor as set forth in its Motion for Summary Judgment and grant such other relief as this Court may deem just and proper.

<div style="margin-left:50%">

Respectfully Submitted
1900 Capital Trust II, By Us Bank Trust
National Association, not in Its Individual
Capacity but Solely as Certificate Trustee,
by its Counsel,

</div>

Dated: January 16, 2026                    /s/Reneau J. Longoria, Esq.
                                           Reneau J. Longoria, Esq., Bar #5746
                                           Doonan, Graves & Longoria, LLC
                                           100 Cummings Center, Suite 303C
                                           Beverly, MA 01915
                                           (978) 921-2670
                                           RJL@dgandl.com

---

[56] *Finch v. U.S. Bank, N.A.,* 2024 ME at ¶29-30; *J.P. Morgan Mortgage Acquisition Corp. v. Moulton*, 2024 ME at ¶12.

15

**CERTIFICATE OF SERVICE**

I, Reneau J. Longoria, Esq., hereby certify that on this 16th day of January 2026, I served

a copy of the above document by electronic notification using the CM/ECF system and/or First-

Class Mail to the following:

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq., Bar #5746
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com

Thomas A. Cox, Esq.
P.O. Box 1083
Yarmouth, ME 04096

16